11-3754-cv
Rodriguez v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand twelve.

PRESENT: DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

ELOIDA RODRIGUEZ,
         Plaintiff-Appellant,

         -v.-                                    11-3754-cv

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, JEANETTE SOSA,
individually and as Principal of Public
School 151K, CHANCELLOR, JOEL I. KLEIN,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     RAE DOWNES KOSHETZ, Rae Downes
                             Koshetz, P.C., New York, New York.


FOR DEFENDANTS-APPELLEES:    JANET L. ZALEON,(Kristin M.
                             Helmers, Jamie M. Zinaman, on the
                             brief) of Counsel, for Michael A.
                             Cardozo, Corporation Counsel of the
                             City of New York, New York City Law
                             Department, New York, New York.

         Appeal from a judgment of the United States District

Court for the Eastern District of New York (Matsumoto, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Eloida Rodriguez appeals from the district court's judgment entered on August 18, 2011, pursuant to a memorandum and order dated August 16, 2011, granting summary judgment to defendants -- the City of New York, New York City Department of Education, Jeannette Sosa (individually and as Principal of Public School 151 ("P.S. 151")), and Joel I. Klein, Chancellor of the New York City Department of Education. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Rodriguez began working for the New York City public school system in 1988. In October of 2005, she was transferred to work as a paraprofessional at P.S. 151 in Brooklyn, New York. Upon termination from P.S. 151, effective April 29, 2008, Rodriguez sued defendants for employment discrimination on the basis of her age under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 et seq., New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296(1), and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a). On appeal, Rodriguez argues principally that the district court erred in concluding that she failed to demonstrate that: (1) the circumstances of her termination gave rise to an inference of discrimination, see Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005); and (2) defendants' reasons for her termination were

merely pretextual, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973).

Upon de novo review of the district court's grant of summary judgment, resolving all ambiguities and drawing all inferences in Rodriguez's favor, we conclude that the district court correctly held that no genuine dispute as to any material fact existed for trial and that defendants were entitled to judgment as a matter of law. See Nagle v. Marron, 663 F.3d 100, 104-05 (2d Cir. 2011). Even assuming Rodriguez had established a prima facie case of discriminatory or retaliatory termination, defendants offered a legitimate non-discriminatory reason for terminating Rodriguez -- her disciplinary record from October 2007 to April 2008, which consisted of three incidents -- and Rodriguez, as the district court concluded, did not present sufficient evidence from which a reasonable jury could find that the stated reason was pretextual. See McDonnell Douglas, 411 U.S. at 804-05; McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009); Graves v. Finch Pruyn & Co., 457 F.3d 181, 187-88 (2d Cir. 2006); Stratton v. Dep't for the Aging, 132 F.3d 869, 879 (2d Cir. 1997). The district court therefore did not err in granting defendants' motion for summary judgment.

We have considered Rodriguez's remaining arguments and find them to be without merit. Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-3-